UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
MICHELE GRAY,

                      Plaintiff,

  -v-                        1:20-CV-718

FIDELITY INVESTMENT,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
MICHELE GRAY,

                      Plaintiff,

  -v-                        1:22-CV-41

FIDELITY INVESTMENT,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

MICHELE GRAY
Plaintiff Pro Se
279 Troy Road Suite #9-174
Rensselaer, New York 12144

BRESSLER, AMERY LAW FIRM-NY    NIKOLAS S. KOMYATI, ESQ.
Attorneys for Defendants
17 State Street 34th Floor
New York, New York 10004

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

On June 29, 2020, plaintiff Michele Gray ("Gray" or "plaintiff") filed a complaint against defendant Fidelity Investment ("Fidelity" or "defendant") in what would turn out to be the first of two cases (the "first case"). 1:20-CV-718, Dkt. 1.  Plaintiff alleged various torts on defendant's part, including a breach of fiduciary duty, breach of contract, negligence, and intentional infliction of emotional distress.  *See* 1:20-CV-718, Dkt. 33-5, p. 2.[1]

On September 18, 2020, Gray filed an arbitration claim with the Financial Industry Regulatory Authority to resolve the dispute.  1:20-CV-718, Dkt. 23, p. 1.  On October 21, 2021, the arbitration panel denied each of plaintiff's claims.  1:20-CV-718, Dkt. 33-5, p. 3.  Plaintiff was nevertheless dissatisfied and moved this Court to vacate the arbitration award on October 28, 2021. 1:20-CV-718, Dkt. 31.  On November 18, 2021, defendant cross-moved to confirm the award.  1:20-CV-718, Dkt. 33.

On December 8, 2021, this Court issued a memorandum-decision and order denying both motions without prejudice.  1:20-CV-718, Dkt. 34.  Briefly, Gray had failed to support her motion to vacate the arbitration award, but in light of her pro se status the Court gave her one more chance to demonstrate

---

[1] Pagination Corresponds with CM/ECF.

a flaw in the arbitration process sufficient to justify denying Fidelity's motion to confirm the award.  *See generally*, *id*.

Accordingly, both parties were given another opportunity to bring their motions, and the Court gave Gray some guidance on what it expected of her—specifically a claim of impropriety supported by evidence from the arbitration record—if she wanted her motion to be viable. 1:20-CV-718, Dkt. 34, pp. 7-8.  When the deadline for plaintiff to file her renewed motion drew close, she asked for more time to assemble the necessary materials.  1:20-CV-718, Dkt. 36.  The Court granted plaintiff's request.  1:20-CV-718, Dkt. 37.

Still, Gray's renewed motion to vacate the arbitration award never came. In the meantime, plaintiff had filed another case in New York State Supreme Court, Rensselaer County (the "second case").  1:22-CV-41, Dkt. 1-1.  Fidelity removed the second case to this Court on January 19, 2022.  1:22-CV-41, Dkt. 1.  On January 25, 2022, plaintiff filed a motion to remand the second case to state court, because she could not "see how [it] would be best to have two cases filed in this court for the same claims."  1:22-CV-41, Dkt. 5, ¶ 5.

On January 26, 2022, Fidelity moved to consolidate Gray's second case with her first.  1:22-CV-41, Dkt. 6.  On February 24, 2022, defendant moved for a stay in the second case until the Court decided the motion to consolidate.  1:22-CV-41, Dkt. 14.  The Court granted that stay on February 28.  1:22-CV-41, Dkt. 15.

While the second case was stayed, Fidelity moved to confirm the arbitration award in Gray's first case on March 14, 2022. 1:20-CV-718, Dkt. 44.  Because plaintiff failed to file her motion to vacate the arbitration award as the Court ordered, defendant's motion to confirm will be considered on its own terms without opposition from plaintiff.² On March 16, 2022, plaintiff apparently appealed the Court's declining to immediately remand the second case to state court.  1:22-CV-41, Dkt. 16.³

This Court relayed the standard governing motions to confirm an arbitration award in its December 8, 2021 memorandum-decision and order, and it applies the same standard here.  *Gray v. Fidelity Inv.*, 2021 WL 5826368, at *1-2 (N.D.N.Y. Dec. 8, 2021).  Further, that order told Gray in no uncertain terms that her pro se status was the only thing standing in the way of granting defendant's first motion to confirm the arbitration award, and that her failure to establish a defect on her second bite at the apple would result in confirmation.  *Id.* at *2-3 (citing *AmeriCredit Fin. Servs., Inc. v. Oxford Mgmt. Servs.*, 627 F. Supp. 2d 85, 102

---

² In the process of docketing its motion to confirm the arbitration award, defendant set a date for plaintiff to respond to their motion.  However, plaintiff ceded that opportunity by failing to timely move to vacate the arbitration award as instructed.

³ The docket entry concerning plaintiff's notice of appeal suggests that she is appealing the stay at 1:22-CV-41, Dkt. 15.  In actuality, plaintiff appealed the Court's failure to remand.  See 1:22-CV-41, Dkt. 16.

4

(E.D.N.Y. 2008) ("[U]pon the denial of a motion for vacatur, the Court must confirm an arbitration award.")).

In that light, and even giving Gray every ounce of deference she is due as a pro se plaintiff, plaintiff's ongoing failure to point to a single legitimate defect in the arbitration process demands that the arbitration be confirmed. Defendant's motion must be granted, and judgment must be entered in its favor. *See Trs. of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. Duncan Partners, LLC*, 2021 WL 123359, at *2 (E.D.N.Y. Jan. 13, 2021) (confirming arbitration award and entering judgment in prevailing party's favor).

In the interest of housekeeping, the Court notes that this decision's closing the first case moots Fidelity's motion to consolidate. And Gray's appeal in the second case divests this Court of its jurisdiction to consolidate in any case. *See Lindell v. McCallum*, 2003 WL 23274549, at *1 (W.D. Wisc. Mar. 5, 2003) (noting that district court lacks jurisdiction to consolidate cases when one case has been appealed and is subject to circuit court's jurisdiction).

As a consequence, the stay in the second case—tied as it was to the motion to consolidate—must be lifted. The Court notes, however, that because the first case was closed on the merits after arbitration, the second case is likely barred by res judicata in the form of claim preclusion. Under these facts, a

5

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be appropriate to resolve the second case.

Therefore, it is

ORDERED that

1. Defendant Fidelity Investments' motion to confirm the arbitration award in *Gray v. Fidelity Investment Services*, 1:20-CV-718 is GRANTED;

2. Defendant Fidelity Investments' motion to consolidate *Gray v. Fidelity Investment Services*, 1:20-CV-718 and *Gray v. Fidelity Investment Services*, 1:22-CV-41 is DENIED; and

3. The stay imposed in *Gray v. Fidelity Investment Services*, 1:22-CV-41 is LIFTED.

The Clerk of the Court is directed to enter judgment in *Gray v. Fidelity Investment Services*, 1:20-CV-718 accordingly and close the case file.

IT IS SO ORDERED.

Dated: March 28, 2022
       Utica, New York.

David N. Hurd
U.S. District Judge