UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHELE GRAY,

                    Plaintiff,

  -v-                                  1:22-CV-41

FIDELITY INVESTMENT,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

MICHELE GRAY
Plaintiff Pro Se
279 Troy Road Suite #9-174
Rensselaer, New York 12144

BRESSLER, AMERY LAW FIRM-NY     NIKOLAS S. KOMYATI, ESQ.
Attorneys for Defendants
17 State Street 34th Floor
New York, New York 10004

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

On June 29, 2020, plaintiff Michele Gray ("Gray" or "plaintiff") filed a complaint in this district against defendant Fidelity Investment ("Fidelity" or "defendant") alleging breach of fiduciary duty, breach of contract, negligence,

and intentional infliction of emotional distress (the "first case").[1] 1:20-CV-718, Dkts. 1; 33-5, p. 2.[2]  On December 7, 2021, plaintiff filed a second complaint against defendant in New York State Supreme Court, Rensselaer County (the "second case").  Dkt. 1-1, p. 2.

The relevant facts of the two cases were discussed at substantial length in a memorandum-decision and order issued on March 28, 2022 (the "March 28 order") straddling both cases.  *See generally* Dkt. 19, pp. 2-4.  There is thus no need to belabor the point by reciting them again now.  Instead, it is enough to say that the first case proceeded through to arbitration.  *Id.* at 2.  The arbitration panel sided with Fidelity and recommended that Gray's claims be dismissed.  *Id.*

Fidelity moved to confirm the arbitration award while Gray moved to vacate it.  Dkt. 19, p. 2.  Plaintiff failed to support her motion, but in deference to her pro se status, she was given a second chance.  *Id.* at 2-3.  Plaintiff still failed to present a reason to justify vacating the award, so it was confirmed.  *Id.* at 5.  Thus, the March 28 order dismissed plaintiff's complaint in the first case with prejudice.  *Id.* at 5-6.

---

[1] As is appropriate for a motion to dismiss, the facts are taken from plaintiff's complaint and read in the light most favorable to her.  However, a vast majority of the operative facts for the present motion practice stem from prior filings and decisions both in this case and in its predecessor, *Gray v. Fidelity Investment Services*, 1:20-CV-718.  Those facts are considered under the doctrine of judicial notice.  *See, e.g.*, *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008) (holding that courts can take judicial notice of documents at motion to dismiss stage to establish fact of other litigation and related filings so long as they do not rely on truth of those filings).

[2] Pagination corresponds with CM/ECF.

In the meantime, Gray moved to remand the second case to state court. Dkt. 19, p. 3. By plaintiff's logic, it did not make sense "to have two cases filed in [federal] court for the same claims." *Id.* (citing Dkt. 5, ¶ 5). Apparently, she grew impatient with the rate at which that motion was being considered, because she appealed the failure to remand the second case—notwithstanding the lack of any decision on the issue—on March 16, 2022. Dkt. 16.

On April 11, 2022, Fidelity moved to dismiss the second case under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkt. 20. Essentially, defendant claims that Gray's complaint in the second case is redundant of the first case. Now that the first case has been resolved, defendant argues that the second case should be dismissed as precluded. On May 4, 2022, plaintiff cross-moved to stay the second case pending her appeal and opposed defendant's motion. Those motions, having been fully briefed, will now be decided on the submissions and without oral argument.

There are three active issues that must be addressed in resolving Fidelity's motion to dismiss the second case. The first is whether jurisdiction exists to consider defendant's motion at all while Gray's appeal of the motion to remand remains before the Court of Appeals for the Second Circuit. In the usual case, filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the

3

case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

However, in some circumstances, a district court "may certify the filing of a notice of appeal as 'frivolous' and continue pretrial and trial proceedings." *Ling Nan Zheng v. Liberty Apparel Co.*, 2009 WL 10699702, at *5 (S.D.N.Y. Jan. 14, 2009). And although the Second Circuit has not yet bestowed its blessing on this practice, other Circuit Courts have. *Id.* In the same vein, courts in other districts within this Circuit have also taken to certifying appeals as frivolous to maintain jurisdiction. *Id.*

Gray's appeal in this second case is twice frivolous. From the outset, "[a]n order of the district court denying a motion to remand an action to state court is an interlocutory order that is not immediately appealable . . . ." *Fulfree v. Manchester*, 112 F.3d 503, *1 (2d Cir. 1996) (table). If an order denying a motion to remand is not immediately appealable, a district court's not immediately resolving a motion to remand certainly cannot justify an appeal. *See id.*

Of course, Gray as a pro se plaintiff would not be expected to know that. But there is still no reason to permit her claim—which according to Fidelity is fundamentally defective—to linger on the docket. Nor is there any reason to waste the Second Circuit's limited time with an appeal that cannot possibly have merit. Plaintiff's appeal of the second case is therefore certified

4

as frivolous, and jurisdiction to address plaintiff's motion to remand is restored to this Court. *See, e.g.*, *Ling Nan Zheng*, 2009 WL 10699702, at *5 (restoring jurisdiction after certifying appeal as frivolous). By extension, plaintiff's cross-motion to stay proceedings must be denied as moot.

Next, Fidelity's motion to dismiss the second case cannot be considered if Gray's motion to remand has merit. To that end, a cause of action before a state court may be removed by the defendant if "the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331 ("§ 1331"), a district court has jurisdiction over a claim if it "aris[es] under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1332 ("§ 1332"), a district court has jurisdiction over a claim between citizens of different states so long as the amount in controversy exceeds $75,000.

Even so, a defendant's ability to remove an action "is strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *Amcat Glob., Inc. v. Yonaty*, 192 F. Supp. 3d 308, 311 (N.D.N.Y. 2016) (internal citations and quotation marks omitted). By extension, "all doubts should be resolved in favor of remand." *Id.* (citation omitted).

Crucial to a defendant's ability to remove a case is the timing of its motion to remove. A notice of removal must typically be filed within thirty days after

5

the defendant is served with the complaint. 28 U.S.C. § 1446(b)(1). However, if jurisdiction in federal court is not established on the face of the complaint, a defendant may nevertheless file a notice of removal within thirty days of its receipt of "an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

All told, if there is a defect in the procedure a defendant used to remove a case to federal court—but especially if the federal court lacks subject matter jurisdiction over the case—the case may be removed to state court under *See generally* 28 U.S.C. § 1447.

Fidelity's counsel has affirmed that Gray first served it with the complaint in this second case on December 21, 2021. Dkt. 10-2, ¶ 3. As a result, defendant's removal on January 19, 2022 was within the thirty-day window permitted by § 1446(b)(1).

In addition, Fidelity is a Delaware limited liability company with a principal place of business in Massachusetts. Dkt. 1 ¶ 14. Defendant's only member is a Massachusetts corporation with a principal place of business in Boston. *Id.* As a result, defendant is a citizen of Massachusetts. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (explaining that citizenship of limited liability company is determined by citizenship of members and citizenship of corporation is determined by principal place of

6

business and state of incorporation). Moreover, Gray is a citizen of New York. Dkt. 1 ¶ 13. Finally, plaintiff has demanded damages in the amount of $1.2 million. Dkt. 10-2, ¶ 2. In other words, each of the requirements for subject matter jurisdiction under § 1332 is met, and jurisdiction over plaintiff's complaint in the second case is appropriate in this district.

Furthermore, as Fidelity correctly notes, there is also jurisdiction over Gray's complaint in the second case because plaintiff raises claims rooted in federal regulations. Dkt. 1, ¶ 7 (explaining that defendant claims violations of Securities and Exchange Commission regulations, federal statutes, and other federal regulations). In short, there is also federal question jurisdiction over at least some of the claims in the second case.[3] Because defendant has established that federal jurisdiction exists over plaintiff's second complaint and there is no indication of any other procedural defect with the removal, plaintiff's motion to remand must be denied.

Having at last determined that jurisdiction exists to consider Fidelity's motion to dismiss the second case, the analysis now turns to the motion itself. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

---

[3] The complaint also alleges a series of transgressions that generally constitute the same claim or controversy. Supplemental jurisdiction over the remainder of plaintiff's claims would therefore be proper under 28 U.S.C. § 1367 even if the requirements for diversity jurisdiction under § 1332 were not met.

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That factual matter may be drawn from "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

Importantly, "the complaint is to be construed liberally, and all reasonable inferences must be drawn in the plaintiff's favor." *Ginsburg v. City of Ithaca*, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). If the complaint and its additional materials—when viewed through that pro-plaintiff lens—are not enough to raise the plaintiff's right to relief above the speculative level, the complaint must be dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Fidelity primarily argues that the March 28 order's confirmation of the arbitration award in the first case means that Gray's complaint in the second case is untenable due to res judicata. To that end, "[u]nder the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[4] *New York v. Mountain Tobacco Co.*, 942 F.3d 536, 543 (2d Cir. 2019).

---

[4] To the extent that jurisdiction depends on § 1332, the substantive law to be applied is the law of the state in which the federal court sits. *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 151-52 (2d Cir. 2013). However, New York and federal law both treat res judicata functionally the

8

A plaintiff will be barred from relitigating an earlier claim when: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Brodsky v. Weisman ex rel. N.Y.C. Campaign Fin. Bd.*, 796 F. App'x 1, 3 (2d Cir. 2019) (summary order) (citing *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)).

First, under both federal and New York law, a confirmed arbitration award is treated as a final determination on the merits. *See, e.g.*, *Emerson Elec. Co. v. Holmes*, 2020 WL 4592808, at *16 (E.D.N.Y. Aug. 11, 2020) (finding confirmed arbitration award to have preclusive effect under New York law); *Martin v. Hellmich*, 2017 WL 963229, at *8 (N.D.N.Y. Mar. 10, 2017) (same for federal law). The March 28 order confirmed the arbitration award in the first case, and thus that case was subject to a final determination subject to preclusive effect. Dkt. 19, pp. 5-6.

Second, both the first and second cases bore the caption *Gray v. Fidelity Investment*. By extension, the two cases involved the same parties.

Third, Gray's claims in the second case could plainly have been brought in the first. In fact, by her own admission, the cases are identical. Dkt. 5, ¶ 5.

---

same for the purposes of the present analysis. *See Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (treating New York and federal preclusion law identically).

9

In other words, all three requisite components of claim preclusion are present. Plaintiff's complaint in the second case must be dismissed.[5] *See, e.g., Martin*, 2017 WL 963229, at *8-9 (applying issue preclusion from previous case based on confirmed arbitration award to dismiss claim).

Therefore, it is

ORDERED that

1. Plaintiff Michele Gray's appeal before the Second Circuit Court of Appeals is certified as frivolous;

2. Plaintiff Michele Gray's motion to stay further proceedings pending her appeal before the Second Circuit Court of Appeals is DENIED as moot;

3. Plaintiff Michele Gray's motion to remand the second case to New York State Supreme Court, Rensselaer County is DENIED; and

4. Defendant Fidelity Investments' motion to dismiss plaintiff Michele Gray's complaint in the second case is GRANTED.

The Clerk of the Court is directed to enter judgment accordingly and close the case file.

IT IS SO ORDERED.

---

[5] Because plaintiff cannot replead this claim in a way that would allow it to survive without effectively producing an entirely new cause of action, amendment would be futile. Plaintiff's complaint must be dismissed with prejudice. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that there is no need to grant leave to amend when repleading would obviously be futile).

Dated: May 11, 2022
       Utica, New York.

_____
David N. Hurd
U.S. District Judge